UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOISES T. LEMUS RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK,<br><br>Respondent. | CASE NO.  C08-496-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On March 28, 2008, petitioner Moises T. Lemus Ramirez, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention without bond pending adjudication of his Petition for Review before the Ninth Circuit Court of Appeals.  (Dkt. 6).  Petitioner requests a bond determination hearing, claiming that his continued detention without the opportunity for an individualized bond hearing before an Immigration Judge violates his right to due process.  Respondent has filed a Response to Petition for Writ of Habeas Corpus, indicating that petitioner received a bond hearing before an Immigration Judge on April 15, 2008, and was denied bond.  (Dkt. 10).  Accordingly, respondent argues that petitioner's habeas petition should be dismissed as moot because he has

REPORT AND RECOMMENDATION
PAGE – 1

received the relief sought in his habeas petition.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition, Dkt. 6, be GRANTED, and respondent's motion to dismiss, Dkt. 10, be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who entered the United States at or near Eagle Pass, Texas, without inspection on December 13, 1999. (Dkt. 12 at L8). He was subsequently placed in removal proceedings pursuant to a Notice to Appear which was issued the same day. (Dkt. 12 at L7-8). On June 2, 2004, an Immigration Judge ("IJ") granted petitioner voluntary departure in lieu of removal by August 2, 2004, upon the posting of a $5,000 voluntary departure bond, with an alternate order of removal to El Salvador. (Dkt. 12 at L220-21). Petitioner waived appeal of the IJ's removal order. *Id.* Petitioner failed to post the voluntary departure bond and was removed from the United States on October 27, 2004. (Dkt. 12 at L234, L262).

On August 16, 2007, ICE encountered petitioner at the Aberdeen City Jail in Aberdeen, Washington, where he was incarcerated for the offense of Driving with License Suspended in violation of the Revised Code of Washington 46.20.341(1)(C). (Dkt. 12 at R258). Petitioner admitted that he had reentered the United States without inspection at or near Naco, Arizona, on or about June 1, 2005. *Id.* On August 20, 2007, ICE issued a Notice of Intent/Decision to Reinstate Prior Order of Removal. (Dkt. 12 at L237).

On October 25, 2007, petitioner submitted a motion to reopen his prior removal proceedings with the Immigration Court, which was denied as untimely. (Dkt. 12 at L261). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who

REPORT AND RECOMMENDATION
PAGE – 2

dismissed the appeal on January 11, 2008. (Dkt. 12 at L262). On January 23, 2008, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a motion for stay of removal. *See Ramirez v. Mukasey*, No. 08-70301. Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to issue automatically. The government filed an opposition to petitioner's motion for stay of removal. Petitioner's motion for stay of removal and his Petition for Review remain pending in the Ninth Circuit.

On March 28, 2008, petitioner filed the instant habeas petition, seeking a bond hearing before an Immigration Judge. (Dkt. 6). On April 4, 2008, petitioner also filed a motion for a bond hearing with the Immigration Court. (Dkt 12 at L305). On April 15, 2008, an IJ held a bond hearing and denied bond, finding that petitioner "is not eligible as he is under a final order of removal." (Dkt. 12 at L318). Respondent has filed a response to petitioner's habeas petition, arguing that this case should be dismissed as moot because petitioner has received a bond hearing before an Immigration Judge. (Dkt. 10).

## III. DISCUSSION

Section 236 provides the framework for the arrest, detention, and release of aliens in removal proceedings. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides:

> The <u>removal period</u> begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.

REPORT AND RECOMMENDATION
PAGE – 3

> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering a bail hearing where the alien had been detained pending appeal for two years and eight months under INA § 236(c)); *Bromfield v. Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given that petitioner requested judicial review of the removal order . . . and this court granted a stay of removal in that still pending petition for review. *See* 8 U.S.C. § 1231(a)(1)(B)(ii).").

      Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's administrative removal order. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236." *Quezada-Bucio v. Ridge*, 317 F. Supp 2d 1221, 1224 (W.D. Wash. 2006). As petitioner is detained pursuant to INA § 236(a), not INA § 241(a), he is entitled to a bond hearing which he has not received.

      Respondent argues that petitioner already received a bond hearing on April 15, 2008, but was denied bond because he is "not eligible as he is under a final order of removal." (Dkt.

REPORT AND RECOMMENDATION
PAGE – 4

10 at 3, Dkt. 12 at L318).   Respondent and the Immigration Judge apparently both believe that petitioner is ineligible for bond because they believe this is a post-removal order case.  However, as indicated above, this is a pre-removal order case, given that petitioner requested judicial review of the removal order in petition No. 08-70301, and the Ninth Circuit granted a stay of removal in that still pending Petition for Review.  "Therefore, the IJ ha[s] jurisdiction to enter a bond decision . . . ."  *Bromfield*, No. 07-72319  (9th Cir. Dec. 26, 2007).  Accordingly, the undersigned Magistrate Judge recommends that this matter be remanded to the Immigration Court for a bond determination hearing pursuant to INA § 236(a).

## IV.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be GRANTED, and respondent's motion to dismiss be DENIED.  A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of July, 2008.

*James P. Donohue*
———————————————
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5